UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA LEROY VANCE,

           Plaintiff,

    v.

ROBIN J. SMITH, KENNETH SAWYER,

           Defendants.

CASE NO. 2:22-CV-320-BJR-DWC

ORDER DECLINING TO SERVE

The District Court referred this action to United States Magistrate Judge David W. Christel. Plaintiff Joshua Leroy Vance, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim upon which relief can be granted, but provides Plaintiff leave to file an amended pleading by May 6, 2022, to cure the deficiencies identified herein.

I.      **Background**

In the Complaint, Plaintiff, an inmate housed in the Monroe Correctional Complex, alleges Defendants Robin Smith and Kenneth Sawyer acted with deliberate indifference to Plaintiff's serious medical needs. Dkt. 4.

II.     **Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

1  act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping

2  conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d

3  at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the

4  defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S.

5  378, 385-90 (1989).

6       A.  <u>Deliberate Indifference</u>

7       Plaintiff asserts Defendants acted with deliberate indifference to his serious medical

8  needs. Dkt. 4, p. 4. Deliberate indifference to serious medical needs of prisoners constitutes the

9  unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal

10  citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical

11  claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature

12  of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.

13  1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997)

14  (en banc).

15       A medical need is serious "if the failure to treat the prisoner's condition could result in

16  further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974

17  F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

18  doctor or patient would find important and worthy of comment or treatment; the presence of a

19  medical condition that significantly affects an individual's daily activities; or the existence of

20  chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for

21  medical treatment." *Id.* at 1059-1060.

22       If a plaintiff shows he suffered from a serious medical need, he must then show the

23  prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834.

24

Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges that he had rods implanted in three of his fingers on March 15, 2012. Dkt. 4, p. 4. He states he was denied surgery to remove the rods on March 20, 2013. *Id*. In May of 2017, while housed at the Washington State Penitentiary, Plaintiff was approved for surgery. *Id.* at p. 5. Plaintiff had the rods removed in March of 2018. *Id*. On September 26, 2018, non-party Dr. Kennedy recommended additional surgery to correct a "chronic swan neck deformity in [Plaintiff's] ring and middle finger of [his] primary hand." *Id*. While unclear, it appears Plaintiff contends Defendant Smith, after consulting with Defendant Sawyer, presented Plaintiff's case to the Care Review Committee ("CRC") on January 2, 2019 and again on April 12, 2021. *Id*. Plaintiff was denied surgery on April 28, 2021. *Id*. Plaintiff asserts "the HQ CRC committee disagreed with the medical CRC decision and authorized treatment" on September 3, 2021. *Id*.

Plaintiff has failed to allege facts sufficient to show Defendants violated Plaintiff's constitutional rights. Plaintiff appears to allege Defendants presented his case to the CRC, but his claim was denied. Dkt.4. There are no allegations Defendants denied Plaintiff treatment or recommended Plaintiff not receive recommended treatment. At most, Plaintiff has provided bare allegations that Defendants did not provide the treatment recommended by a different medical professional, which, alone, is insufficient to state a § 1983 claim. *See Toguchi v. Chung*, 391

F.3d 1051, 1058 (9th Cir. 2004) (finding mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim); *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) ("[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

In sum, Defendants' alleged actions of presenting Plaintiff's case to the CRC fail to show a violation of Plaintiff's constitutional rights. Therefore, the Court finds Plaintiff has failed to sufficiently state a deliberate indifference claim.

B.  Statute of Limitations

The allegations in the Complaint begin in 2012. Dkt. 4. A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal

charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff filed this lawsuit on March 16, 2022. Dkt. 1. Therefore, any claim arising prior to March 16, 2019 is barred by the statute of limitations. In the Complaint, Plaintiff provides background and allegations arising prior to March 16, 2019. *See* Dkt. 4, pp. 4-5. From the allegations contained in the Complaint, Plaintiff had actual notice of several underlying facts in this case several years prior to filing this lawsuit. *See* Dkt. 4; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). As such, any allegations related to events that occurred before March 16, 2019 are untimely. Plaintiff has not shown statutory or equitable tolling is applicable. *See* Dkt. 4. Plaintiff may include factual allegations in an amended complaint to provide background; however, if Plaintiff is seeking relief regarding events that occurred prior to March 16, 2019, he must show cause why those claims should not be dismissed as untimely.

### III.     Instruction to Plaintiff and the Clerk

Due to the deficiencies described above, if Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court:  (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation

1  of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the

2  individual's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

3  Plaintiff shall present the amended complaint on the form provided by the Court. The

4  amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same

5  case number, and it may not incorporate any part of the Complaint by reference. The amended

6  complaint will act as a complete substitute for the Complaint, and not as a supplement. *See*

7  *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other*

8  *grounds, Lacey v. Maricopa County,*693 F.3d 896 (9th Cir. 2012). The Court will screen the

9  amended complaint to determine whether it contains factual allegations linking each Defendant

10  to the alleged violations of Plaintiff's rights. Attachments will not be considered as a substitute for

11  the amended complaint itself. Therefore, Plaintiff is directed to include all allegations and relevant

12  facts in the body of the amended complaint.

13  The Court will not authorize service of the amended complaint on any Defendant who is

14  not specifically linked to a violation of Plaintiff's rights.

15  If Plaintiff fails to file an amended complaint or fails to adequately address the issues

16  raised herein on or before May 6, 2022, the undersigned will recommend dismissal of this case.

17  The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983

18  civil rights complaint and for service and send copies of this Order and Pro Se Instruction Sheet

19  to Plaintiff.

20  Dated this 6th day of April, 2022.

21

22  David W. Christel
    United States Magistrate Judge

23

24