1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSHUA LEROY VANCE,

           Plaintiff,

   v.

ROBIN J. SMITH, KENNETH SAWYER,

           Defendants.

CASE NO. 2:22-CV-320-BJR-DWC

ORDER DENYING MOTION FOR COURT-APPOINTED COUNSEL

The District Court referred this 42 U.S.C. § 1983 action to United States Magistrate Judge David W. Christel. On May 24, 2022, Plaintiff Joshua Leroy Vance filed an Application for Court-Appointed Counsel ("Motion") and supporting statement. Dkt. 12, 13.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the

Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

In the Motion, Plaintiff states he has contacted eleven attorneys, but has been unable to find an attorney who will represent him. Dkt. 12. Plaintiff also provides evidence that he is unable to afford an attorney. *Id*. In his supporting statement, Plaintiff states he is mentally ill and this case is too complex for him to proceed *pro se*. Dkt. 13.

At this time, Plaintiff has not shown, nor does the Court find, this case involves complex facts or law. Plaintiff has also not shown he is likely to succeed on the merits of his case or shown an inability to articulate the factual basis of his claims in a fashion understandable to the Court. For example, after the Court instructed him to cure deficiencies in his Complaint, Plaintiff clearly articulated his claims in his Amended Complaint. *See* Dkt. 4-6. While Plaintiff may be able to better litigate this case with appointed counsel, that fact, alone, does not establish an extraordinary circumstance warranting the appointment of counsel. *See Rand*, 113 F.3d at 1525; *Wilborn*, 789 F.2d at 1331.Therefore, the Court finds Plaintiff has failed to show the appointment of counsel is appropriate at this time. Accordingly, Plaintiff's Motion (Dkt. 12) is denied without prejudice.

Dated this 28th day of June, 2022.

David W. Christel
United States Magistrate Judge